IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LEE STIFFLER, | ) |
| | ) |
| | )  2:20-CV-01120-CCW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| MERRICK GARLAND and | ) |
| MARVIN G. RICHARDSON, | ) |
| | ) |
| Defendants. | |

**<u>MEMORANDUM OPINION</u>**

Before the Court are cross-motions for summary judgment filed by Plaintiff Thomas Lee Stiffler and Defendants Merrick Garland (Attorney General of the United States) and Marvin G. Richardson (Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives) (collectively the "United States"). *See* ECF Nos. 24 & 26. Mr. Stiffler has also filed a related Motion to Strike certain of the United States' submissions in support of summary judgment. *See* ECF No. 36. For the reasons that follow, Mr. Stiffler's Motion for Summary Judgment and his Motion to Strike will be denied, and the United States' Motion for Summary Judgment will be granted.

**I.   Background**

In 2004, Mr. Stiffler pled guilty to Unlawful Contact with a Minor, in violation of 18 Pa. C.S. § 6318(a)(1). ECF No. 30 ¶ 1; ECF No. 33 ¶ 1. At the time, this offense was a first degree misdemeanor under Pennsylvania law,[1] punishable by a maximum sentence of five years'

---

[1] In 2006, the Pennsylvania legislature amended 18 Pa. C.S. § 6318 so that Unlawful Contact with a Minor is now classified as a felony of the third degree. 18 Pa. Cos. Stat. Ann. § 6318 (1997), *amended by* 2006 Pa. Legis. Serv. Act 2006-178 (S.B. 944), Nov. 29, P.L. 1567, No. 178, § 3. However, the Court determines that the classification of

imprisonment.  ECF No. 30 ¶ 1;  ECF No. 33 ¶ 1;  ECF No. 31 at 112.  Mr. Stiffler received a custodial sentence for this offense.[2]  ECF No. 30 ¶ 2;  ECF No. 33 ¶ 2.

Since his 2004 offense, Mr. Stiffler has not been charged with, or convicted of, any additional criminal offenses.  ECF No. 30 ¶ 15;  ECF No. 33 ¶ 15.

Because of Mr. Stiffler's offense, 18 U.S.C. § 922(g) prohibits him from possessing and owning a firearm.  Mr. Stiffler now seeks a declaratory judgment that § 922(g) as applied to him violates the Second Amendment.  The Court concludes that Mr. Stiffler's offense is "serious" as defined under Third Circuit precedent, and therefore, § 922(g) is constitutional as applied to him.

## II.    Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165 (3d Cir. 2017) (internal citations and quotations omitted).  "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Razak v. Uber Techs., Inc.,* 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, (1986)).  "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'"  *Id.* (quoting *Anderson*, 477 U.S. at 248).

---

Mr. Stiffler's conduct at the time of his conviction governs.  *See Range v. Lombardo et al.*, Civil Action No. 20-3488, 2021 WL 3887686, at *1 n.1 (E.D. Pa., Aug. 31, 2021) (collecting cases).

[2] The parties agree that initially, on December 10, 2004, Mr. Stiffler was sentenced to incarceration at the Indiana County Jail for a period of not less than three months and no more than twelve months, followed by three years of probation.  However, by order dated December 22, 2004, his sentence was further amended to incarceration for not less than one month or more than twelve months, followed by three years of probation.  ECF No. 30 ¶ 2;  ECF No. 33 ¶ 2;  ECF No. 31 at 119, 123–24.

The burden to establish that there is no genuine dispute as to any material fact "remains with 'the moving party regardless of which party would have the burden of persuasion at trial.'" *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996) (quoting *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987)). That said, "[i]f the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Thus, while "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, summary judgment "requires the nonmoving party to go beyond the pleadings" and point to "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted). But, while the court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor…to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the [non-movant]." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal citations omitted). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule

3

56 requires the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23; *Jakimas v. Hoffman La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

"Where, as here, cross-motions for summary judgment are filed, 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Reynolds v. Chesapeake & Del. Brewing Holdings, LLC*, Civil Action No. 19-2184, 2020 U.S. Dist. LEXIS 83633, at *6 (E.D. Pa. May 12, 2020) (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016)).

### III.   Discussion

#### A.   Analytical Framework for As-Applied Challenges to Second Amendment

Mr. Stiffler asserts that 18 U.S.C. § 922(g)(1)'s firearm prohibition violates the Second Amendment as applied to him, because his underlying criminal offense is not sufficiently "serious" to warrant stripping him of his Second Amendment rights. ECF No. 25.

18 U.S.C. § 922(g)(1) prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from possessing or owning a firearm. 18 U.S.C. § 922(g)(1). While § 922(g)(1) is "presumptively lawful" under the Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 836 F.3d 336, 626–27 & n.26 (2008), the Third Circuit has held that individuals may challenge the statute on an as applied basis. *See, e.g.*, *United States v. Barton*, 633 F.3d 168, 170, 173 (3d Cir. 2011); *Binderup v. AG of United States*, 836 F.3d 336, 345–46 (3d Cir. 2016); *Pitsilides v. William Barr et al.*, Civil Action No. 3:19-01736, 2021 WL 5441513 (E.D. Pa. Nov. 19, 2021).

In *Binderup v. Attorney General of the United States*, the Third Circuit adopted, with some modifications, *United States v. Marzzarella*'s two-step approach to Second Amendment

4

challenges. *Binderup*, 836 F.3d at 345–47 (citing *United States v. Marzzarella*, 614 F.3d 85 (3d Cir. 2010)). At step one, the Court must consider whether Mr. Stiffler's conduct is sufficiently "serious" for him to lose his Second Amendment rights. *Id.* at 350–52. At step two, "the burden shifts to the Government to demonstrate that the regulation satisfies some sort of heightened scrutiny." *Id.* at 347.

### B.   Step One of the *Marzzarella* Framework

#### 1. The *Marzzarella* Factors

In *Binderup*, the Third Circuit set out a nonexclusive four-factor test for determining whether a crime is sufficiently "serious" to deprive the challenger of his or her Second Amendment Rights: "(1) whether the crime of conviction was classified as a misdemeanor or felony, (2) whether the criminal offense involves violence or attempted violence as an element, (3) the sentence imposed, and (4) whether there is a cross-jurisdictional consensus as to the seriousness of the crime." *Holloway v. Atty. Gen. United States*, 948 F.3d. 164, 172 n.10 (3d Cir. 2020) (citing *Binderup*, 836 F.3d at 351–52). After *Binderup*, the Third Circuit in *Holloway* added one more factor: (5) the potential for danger and risk of harm to self and others. *Holloway*, 948 F.3d at 173.

At *Marzzarella* step one, the burden rests with the challenger, who must make a "'strong' showing . . . that he has not committed a 'serious' crime." *Holloway*, 948 F.3d at 172 (quoting *Binderup*, 836 F.3d at 347). Although the Third Circuit did not describe how District Courts should weigh the nonexclusive factors, "it has implied that if a challenger fails to show that all factors favor his claim, the challenger's ability to meet the burden at *Marzzarella*'s first step becomes correspondingly difficult." *Pitsilides v. William Barr et al.*, Civil Action No. 3:19-01376, 2021 WL 5441513, at *9–10 (E.D. Pa. Nov. 19, 2021) (internal quotations omitted). A number of District Courts in our Circuit have found that a challenger cannot prevail at *Marzzarella* step one

unless he or she favorably satisfies all of the factors. *Laudenslager v. Sessions*, No. 4:17-CV-00330, 2019 U.S. Dist. LEXIS 23213, at *13 n.54 (M.D. Pa. Feb. 13, 2019) (collecting cases).

### a. Pennsylvania's Classification of the Offense as Misdemeanor Favors Mr. Stiffler

Here, the first factor weighs in favor of Mr. Stiffler, because Pennsylvania classified his conviction for unlawful contact with a minor as a misdemeanor at the time he was convicted. ECF No. 25 at 9–10; ECF No. 34 at 3–4. The United States acknowledges the misdemeanor classification but contends this factor nonetheless favors the United States because the maximum term of imprisonment was five years' incarceration, and because the Pennsylvania legislature subsequently classified Mr. Stiffler's offense as a felony. ECF No. 32 at 3–4; ECF No. 27 at 14–15. The Court does not find these arguments to be persuasive. *See Range v. Lombardo et. al*, Civil Action No. 20-3488, 2021 WL 3887686, *at 2 n.1 (E.D. Pa., Aug. 31, 2021) (collecting cases) (determining that classification of challenger's offense at time of conviction governs); *Folajtar v. Att'y Gen. of the United States*, 980 F.3d 897, 903 (3d Cir. 2020), *cert. denied sub nom Folajtar v. Garland*, 141 S.Ct. 2511 (2021) (reiterating that "the legislature's classification of the offense [is] a powerful consideration" . . . and "when a legislature chooses to call a crime a misdemeanor, we have an indication of non-seriousness that is lacking when it opts instead to use the felony label. . .").

### b. Elements of Offense Do Not Involve Violence and Favor Mr. Stiffler

The second factor also favors Mr. Stiffler, because violence or attempted use of violence, i.e. use or attempted use of force, is not an element of his offense. At the time of Mr. Stiffler's offense, Section 6318(a)(1) defined unlawful contact with a minor as follows:[3]

---

[3] The parties employ the current language of the relevant Pennsylvania statutes (unlawful contact with a minor and indecent assault), not the versions in effect at the time of Mr. Stiffler's offense. However, consideration of the

> A person commits an offense if he is intentionally in contact with a minor for the purpose of engaging in an activity prohibited under [any of the offenses enumerated in Chapter 31 (relating to sexual offenses)], and either the person initiating the contact or the person being contacted is within this Commonwealth…

Mr. Stiffler's relevant Chapter 31 offense, in turn, was indecent assault, 18 Pa. C.S.A. § 3126(a)(8), which was a second degree misdemeanor. At the time of Mr. Stiffler's offense, Section 3126(a)(8) defined the offense of indecent assault as follows:

> A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if…the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

*Id*. The United States does not meaningfully contest this element. *See* ECF No. 27 at 20 n.7 (acknowledging that "use of force is not an element of unlawful contact with a minor").

### c.  Sentence of Incarceration Imposed Favors the United States

The third factor, however, favors the United States. Unlike the challengers in *Binderup*, who received non-custodial sentences, Mr. Stiffler received a sentence of incarceration. Mr. Stiffler acknowledges that his custodial sentence distinguishes him from the challengers in *Binderup*, but seeks to minimize this distinction by noting the short length of his incarceration. ECF No. 25, at 12–14. The Court concludes that Mr. Stiffler's sentence including incarceration is sufficiently more serious than the challengers in *Binderup*, such that this factor favors the United States.

### d.  Cross-Jurisdictional Consensus Regarding Seriousness Favors the United States

The fourth factor, whether there is a cross-jurisdictional consensus as to the seriousness of Mr. Stiffler's crime, also favors the United States. As the challenger, Mr. Stiffler bears the burden

---

current language would not change the Court's analysis, because the current versions also do not have force or attempted force as an element of the offense.

to show the absence of a cross-jurisdictional consensus as to the seriousness of his crime. *See Pitsilides*, 2021 WL 5441513, at *5; *Range*, 2021 WL 3887686, at *4.

As it has in other similar cases, the United States here submitted a 49 state survey (omitting Pennsylvania) of codified crimes that are closely analogous to Pennsylvania's unlawful contact with a minor statute, 18 Pa. C.S. § 6318. ECF No. 29-8. Forty-five states punish unlawful contact with a minor, or its equivalent crime, as a felony. *See* ECF Nos. 29-8 & 29-9. Mr. Stiffler does not deny the results of this survey, nor does he present competing facts regarding the presence or absence of a cross-jurisdictional consensus. ECF No. 35 ¶ 31. Rather, he "objects" to the government's survey "for the reasons set forth in Stiffler's motion to strike," i.e. because he asserts that the United States failed to disclose its survey in discovery. *Id.* (Plaintiff's "objection" to United States' factual statement that "[f]orty-five states punish unlawful contact with a minor, or its equivalent crime, as a felony.")

The Court will deny Mr. Stiffler's Motion to Strike Government's Record Submission, ECF No. 36, to the extent it requests that the Court exclude the United States' cross-jurisdictional survey, ECF Nos. 29-8 & 29-9, from consideration. Mr. Stiffler asked the United States in discovery whether it believed there was "a consensus among the states about the seriousness of the [offense], and if so, what is the consensus?" ECF No. 36-1 ¶ 2 (Mr. Stiffler's interrogatory). The United States responded that the interrogatory called for a legal conclusion and that the United States could not be compelled to prepare Mr. Stiffler's case for him. *Id.* (United States' response). In response to Mr. Stiffler's Motion to Strike the survey, ECF No. 36, the United States noted that Mr. Stiffler's discovery request sought attorney work product prepared in anticipation of litigation, and that the United States was not obligated to conduct legal research on Mr. Stifler's behalf, particularly where the information regarding state treatment of similar offenses is publicly

8

available and therefore equally accessible to Mr. Stiffler. ECF No. 40 at 4–5. The Court agrees with the United States, and will therefore deny Mr. Stiffler's Motion to Strike as it relates to the cross-jurisdictional survey, ECF Nos. 29-8 & 29-9. and will consider the survey in resolving the parties' cross-motions for summary judgment.[4]

In support of his argument that there is no cross-jurisdictional consensus regarding the seriousness of his offense, Mr. Stiffler asserts, without support, that "because his offense is effectively the same as Binderup's offense – a consensual sexual act with an underage individual – the analysis is the same in both cases: there is no consensus among the states regarding whether this offense is serious." ECF No. 25 at 16. This argument lacks merit. Mr. Stiffler and Mr. Binderup were not convicted of the same underlying offense, and Mr. Stiffler has not presented any evidence to oppose the United States' cross-jurisdictional survey regarding how other states treat their analogs to Mr. Stiffler's offense.

The Court further finds that the United States' cross-jurisdictional survey demonstrates a consensus that Mr. Stiffler's crime is serious. Specifically, although *Binderup* did not define what "consensus" means, Courts in the Third Circuit have interpreted consensus to mean "something short of total unanimity," but "the acknowledged existence of a general agreement. *Pitsilides*, 2021 WL 5441513 at *6 (collecting cases). Forty-five states punish unlawful contact with a minor, or its equivalent crime, as a felony. ECF Nos. 29-8 & 29-9. Mr. Stiffler has not put forth evidence to the contrary, and he has not met his burden to show the absence of cross-jurisdictional consensus.

---

[4] The Court will deny the remainder of Mr. Stiffler's Motion to Strike, "Motion to Strike Deposition Question," ECF No. 36 ¶¶ 20–23 as moot, because the Court did not rely on such information in reaching its decision on the cross-motions for summary judgment.

### e. Determination Regarding Potential for Harm to Others is Not Necessary to the Court's Analysis

The fifth factor added by *Holloway*, potential harm to others, is not addressed by either party. We need not decide here whom this factor favors. Assuming, without deciding, that it favors Mr. Stiffler, our result would be the same.

Even if the fifth factor were to favor Mr. Stiffler, he would still fail at *Marzzarella* step one because two other factors favor the United States. Multiple federal District Courts within Pennsylvania have recently held that a challenger's failure to show a cross-jurisdictional consensus, standing alone, is sufficient for the government to prevail at *Marzzarella* step one. *See Pitsilides,* 2021 WL 5441513 at *7; *Range*, 2021 WL 3887686, at *6. Indeed, the *Range* Court noted that "[b]oth times that [the Third Circuit] has applied *Binderup*, it has held for the Government even though only one factor weighed in its favor." *Range*, 2021 WL 3887686,, at *5. And in *Binderup* itself, the Third Circuit suggested that absence of a cross-jurisdictional consensus would have been dispositive. *See Binderup*, 836 F.3d at 353 ("Were the Challengers unable to show that so many states consider their crimes to be non-serious, it would be difficult for them to carry their burden at step one.").

Here, multiple factors favor the United States, and as a result, Mr. Stiffler cannot make the required "strong showing" at *Marzzarella* step one. Consequently, the Court will not proceed to *Marzzarella* step two, and summary judgment must be granted in favor of Defendants. Having failed to meet an essential element of his case, Mr. Stiffler's motion for summary judgment will be denied.

**IV.   Conclusion**

For the foregoing reasons, the Court will grant the United States' Motion for Summary Judgment, deny Mr. Stiffler's Motion for Summary Judgment, and deny Mr. Stiffler's Motion to Strike. An appropriate Order follows.

DATED this 2nd day of February, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record